[933 NYS2d 578]

In the Matter of Dennis Masino, an Attorney, Resignor.

Second Department, November 29, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Elizabeth A. Grabowski* of counsel), for the Grievance Committee for the Tenth Judicial District.

*Rinaldo A. Pace,* Smithtown, for resignor.

## OPINION OF THE COURT

Per Curiam.

Dennis Masino has submitted an affidavit dated May 10, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Masino was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 26, 1975.

Currently, Mr. Masino is the subject of multiple complaints of professional misconduct, the investigation of which has revealed misappropriation and failure to maintain funds entrusted to him as a fiduciary, as well as fabrication of documents and misrepresentation of the status of an action, leading Mr. Masino's client to believe that an action had been commenced and was being prosecuted when it had not been.

Mr. Masino has submitted an affidavit of resignation dated May 10, 2011, wherein he avers that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing.

Mr. Masino further avers that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

Finally, Mr. Masino avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. Mr. Masino specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Mr. Masino's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Masino is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FLORIO, JJ., concur.

Ordered that the resignation of Dennis Masino is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dennis Masino is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Dennis Masino shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dennis Masino is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Dennis Masino has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).